UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION AT COVINGTON

| | | |
|---|---|---|
| JAMES BLEDSOE, | ) | |
| | ) | |
| Plaintiff, | ) | Civil No. 2: 18-144-WOB |
| | ) | |
| V. | ) | |
| | ) | |
| SOUTHERN HEALTH PARTNERS, et al., | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendants. | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

Plaintiff James Bledsoe is a pre-trial detainee confined at the Campbell County Detention Center ("CCDC") located in Newport, Kentucky. Proceeding without an attorney, Bledsoe has filed a form civil rights complaint pursuant to 42 U.S.C. § 1983 [R. 2] and a motion for leave to proceed *in forma pauperis*. [R. 1]

The Court must conduct an initial review of the complaint pursuant to 28 U.S.C. §§ 1915(e)(2), 1915A. A district court must dismiss any claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Hill v. Lappin*, 630 F. 3d 468, 470-71 (6th Cir. 2010). The Court evaluates Bledsoe's complaint under a more lenient standard because he is not represented by an attorney. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003). At this stage, the Court accepts the plaintiff's factual allegations as true, and his legal claims are liberally construed in his favor. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

As currently drafted, Bledsoe's claims must be dismissed for failure to state a claim for relief. A complaint must set forth claims in a clear and concise manner, and must contain sufficient

factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Hill*, 630 F.3d at 470. Although the Court has an obligation to liberally construe a complaint filed by a person proceeding without counsel, the principles requiring generous construction of *pro se* pleadings are not without limits. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *Wilson v. Lexington Fayette Urban County Government*, No. 07-cv-95-KSF, 2007 WL 1136743 (E.D. Ky. April 16, 2007). The Court is not required to create a claim for the Plaintiff, nor to "conjure up unpled allegations." *Moorman v. Herrington*, No. CIV A 4:08-CV-P127-M, 2009 WL 2020669, at *1 (W.D. Ky. July 9, 2009)(citations omitted). *See also Coleman v. Shoney's, Inc.*, 79 F. App'x 155, 157 (6th Cir. 2003) ("Pro se parties must still brief the issues advanced with some effort at developed argumentation."). Vague allegations that one or more of the defendants acted wrongfully or violated the plaintiff's constitutional rights are not sufficient. *Laster v. Pramstaller*, No. 08-CV-10898, 2008 WL 1901250, at *2 (E.D. Mich. April 25, 2008).

Here, Bledsoe's complaint consists of vague statements regarding "serious things that have been happening" at the CCDC. [R. 2] Although he makes references to retaliation, states that "they are hiding documents from me and my attorneys about me breaking my ribs and PREA violations," and claims that his civil rights and medical rights and needs have been violated [R. 2 at p. 3-4], he fails to allege any specific facts supporting his allegations. As relief, he states: "I want these matters corrected and professionally handled and justice for what happened to me so it doesn't happen to someone else." [R. 2 at p. 8] However, his complaint fails to explain what, exactly, he alleges happened to him and/or allege any involvement by the named defendants. Thus, it fails to comply with the requirement of Federal Rule of Civil Procedure 8(a)(2) that a pleading

stating a claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

In addition, it is not clear that Bledsoe has even named a viable defendant. The only individual named by Bledsoe is an unidentified x-ray technician. However, Bledsoe's complaint makes no allegation that that this technician had any personal involvement with his claims. A defendant is only liable for conduct in which he or she was directly and personally involved. *Nwaebo v. Hawk-Sawyer*, 83 F. App'x 85, 86 (6th Cir. 2003) (citing *Rizzo v. Goode*, 423 U.S. 362, 373-77 (1976)).

Moreover, to the extent that he seeks to bring claims against "Medical Department"/"Southern Health Partners," in its individual capacity, Southern Health Partners is not a "person" amendable to a suit for damages under Section 1983. *See Anderson v. Morgan Cty. Corr. Complex*, No. 15-6344, 2016 WL 9402910, at *1 (6th Cir. Sept. 21, 2016) (prison "medical staff" is not a "person" subject to suit under § 1983)(citing *Hix v. Tenn. Dept. of Corr.*, 196 Fed. App'x. 350, 355 (6th Cir. 2006)). Similarly, to the extent that Bledsoe seeks to assert his claims against the CCDC, the CCDC is not a person or legal entity which may be sued under 42 U.S.C. § 1983. *See Marbry v. Corr. Med. Servs.*, 238 F.3d 422, 2000 WL 1720959, at *2 (6th Cir. 2000) (holding that the Shelby County Jail is not subject to suit under § 1983). Even construing Bledsoe's claims as "official capacity" claims against Campbell County, he makes no allegation that the practices about which he complains are the product of a county policy or custom, and he therefore fails to state a claim for relief against the county. *Thomas v. City of Chattanooga*, 398 F.3d 426, 429 (6th Cir. 2005).

For all of these reasons, the complaint filed by Bledsoe will be dismissed without prejudice for failure to state a claim. Bledsoe's motion to proceed *in forma pauperis* [R. 1] will be denied

as moot. If Bledsoe wishes to seek relief in this Court by filing a new civil action, he may obtain a form Civil Rights Complaint [EDKY Form 523] from the Clerk of the Court. Bledsoe is advised that any new complaint must describe the *facts* of his case, specifically identifying the people, dates, places, and actions which are relevant to his claims, and explain what he wants the Court to do.

Bledsoe must also pay the $350.00 filing fee and the $50.00 administrative fee. Fed. R. Civ. P. 3; 28 U.S.C. § 1914. If Bledsoe cannot afford to pay the entire filing fee, he may file a motion to pay it in installments under 28 U.S.C. § 1915. However, Bledsoe is advised that Section 1915 does not permit him to *avoid* paying the filing fee; rather, it simply permits him to file a motion to pay the fee over time rather than paying the full amount of the fee immediately upon filing his complaint. 28 U.S.C. § 1915(b). If he wishes to file such a motion, Bledsoe must have the Certificate of Inmate Account [EDKY Form 523] certified by prison staff, complete the Affidavit of Assets/In Forma Pauperis Application [Form AO-240], and file both of them with the Court. The appropriate forms may be obtained from the Clerk of the Court.

Finally, Bledsoe is advised that *before* he may file suit in court to challenge an action or decision by jail officials, he must complete, in its entirety, the inmate grievance process and pursue all available appeals under CCDC's grievance procedure. 42 U.S.C. § 1997e(a). If an inmate files suit before the prison grievance process is completed in its entirety, the Court will dismiss the case without prejudice.

Accordingly, **IT IS ORDERED** that:

1. Bledsoe's Complaint [R. 2] is **DISMISSED WITHOUT PREJUDICE**.
2. Bledsoe's motion for leave to proceed *in forma pauperis* [R. 1] is **DENIED AS MOOT**.

3. This matter is **STRICKEN** from the Court's docket.

This 22nd day of August, 2018.



Signed By:
*William O. Bertelsman*   W.OB
United States District Judge